UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-194-F

| | |
|---|---|
| TREVOR GRAHAM, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES ANTI-DOPING AGENCY, )<br>    Defendant. ) | O R D E R |

This matter is before the court on the Motion to Court to File Default Judgement [DE-10], Motion Confirming Certified Mail [DE-12], Motion to Court to File Default Judgement [DE-13], and Motion to Court to File Default Judgement [DE-14] filed by the *pro se* Plaintiff. The United States Anti-Doping Agency ("USADA") has filed a response to these motions, Plaintiff has replied, and these motions are therefore ripe for ruling.

## I. PROCEDURAL HISTORY

On May 11, 2010, *pro se* Plaintiff Trevor Graham filed an Application to Proceed in District Court without Prepaying Fees or Costs [DE-1]. On June 3, 2010, United States Magistrate Judge James E. Gates denied Plaintiff's Application [DE-3]. On June 7, 2010, Plaintiff paid the filing fee [DE-5], and the Complaint was filed and a summons issued addressed to the USADA [DE-6].

On June 15, 2010, Plaintiff filed a copy of a return receipt for certified mail addressed to the USADA, although the receipt did not contain a date of delivery [DE-7]. Plaintiff also did not file an affidavit proving service. *See* FED. R.CIV. P. 4(l)(1).

On July 2, 2010, USADA filed a Motion for Extension of Time to File Answer or Other Responsive Pleading [DE-11]. In the Motion, counsel for the USADA noted that the copy of the return receipt did not contain a date of delivery. Counsel then stated, "upon information and belief, the date of service was June 15, 2010, the date on which the return receipt was filed with the Court [and t]herefore, Defendant's responsive pleading would be due on July 6, 2010." [DE-11] at ¶ 7. Counsel for USADA therefore sought an extension of time of 21 days, through and including July 27, 2010, within which to file an Answer or other responsive pleading to the Complaint.

On July 6, 2010, Plaintiff filed a response [DE-9] opposing the USADA's motion for extension of time, along with a Motion to Court to File Default Judgement [DE-10] stating that the USADA received the summons on June 7, 2010—the same date that the summons was issued by this court. That same day, the Clerk of Court signed an Order [DE-11] allowing the USADA's Motion for Extension of Time and setting the response date for July 27, 2010.

On July 7, 2010, the Clerk of Court issued a Notice of Deficiency to Plaintiff noting that he failed to sign the Motion to Court to File Default Judgment, to provide a proposed order, and to file a certificate of service. That same day, Plaintiff filed a Motion Confirming Certified Mail [DE-12]. Attached to the Motion was a "Track & Confirm" message from the United States Postal Service indicating that an unidentified document was delivered to Colorado Springs on June 9, 2010, and another copy of the undated return receipt Plaintiff previously filed on June 15, 2010. On July 12, 2010, Plaintiff filed another Motion to Court to File Default Judgement [DE-13], and attached the "Track & Confirm" message. The Clerk of Court issued a Notice of Deficiency as to both of these motions for failure to file a Certificate of Service.

2

Case 5:10-cv-00194-F   Document 24   Filed 08/02/10   Page 2 of 5

On July 13, 2010, Plaintiff filed the third Motion to Court to File Default Judgement [DE-14]. Plaintiff asserted that Defendant received a summons on June 9, 2010.

On July 16, 2010, the USADA filed a single Response [DE-15] to the four pending motions filed by Plaintiff. Plaintiff has since filed a single Reply, and the motions are ripe for ruling.

## II. ANALYSIS

Federal Rule of Civil Procedure 55 sets forth the process for obtaining a default judgment. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2682 (3d ed.). An entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). As a prerequisite to entry of default, the party against whom default is entered must have been properly served with process and the court must have subject matter jurisdiction over the dispute. *See Scott v. District of Columbia*, 598 F.Sup.2d 30, 36 (D.D.C. 2009)("Default cannot be entered where there was insufficient service of process."). *See also* FEDERAL PRACTICE & PROCEDURE § 2682 ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that hte party must have been effectively served with process."). After the clerk has entered default against a party, *then* the plaintiff may move the court for default judgment. FED. R. CIV. P. 55(b). Consequently, based on the procedural posture of this case, the court construes Plaintiff's multiple motions for default judgment to be motions for entry of default.

3

Where, as here, a motion for entry of default is opposed by a party who has an entered an appearance, a court may consider the same criteria applied when ruling a motion to set aside a default pursuant to Rule 55(c). *Schmir v. Prudential Ins. Co. of America*, 220 F.R.D. 4, 5 (D. Me. 2004). These considerations include (1) whether the moving party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the party; (5) whether there is a history of dilatory actions, and (5) the availability of less drastic sanctions. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

In this case, after a review of the record, the court concludes that entry of default against USADA would be inappropriate. Entry of default is appropriate as to a party who "has failed to plead or otherwise defend." FED. R.CIV. P. 55(a). Here, of course, the USADA has made an appearance, sought an extension of time to respond to the Complaint—which was allowed by the Clerk of Court–and filed a Motion to Dismiss the Complaint within the time set by the Clerk's Order [DE-11]. Plaintiff appears to be arguing that the extension of time should not have been allowed because it, itself, was untimely, based on Plaintiff's assertion that the USADA was served on June 9, 2010, with a copy of the Summons and Complaint. To the extent that Plaintiff asks the court to reconsider the July 6, 2010, Order [DE-11] by the Clerk of Court, the request is DENIED. At the time the USADA's motion was filed, the only proof of service before the court was an undated return receipt. Still, to this date, Plaintiff has yet to file an affidavit showing

4

Case 5:10-cv-00194-F   Document 24   Filed 08/02/10   Page 4 of 5

proof of service in accordance with Rule 4(h) of the Federal Rules of Civil Procedure.[1] The Clerk of Court did not err by allowing the USADA's Motion for Extension of Time.

Because the Clerk of Court correctly allowed the Motion for Extension of Time, and because the USADA timely responded to the Complaint in accordance with the Clerk of Court's Order, Plaintiff's multiple Motions to Court to File Default Judgement [DE-10; DE-13; DE-14] are DENIED.[2] Moreover, Plaintiff's Motion Confirming Certified Mail to Defendant is DENIED. There is no sworn evidence showing that the complaint and the summons were served on the USADA in accordance with Rule 4(h) of the Federal Rules of Civil Procedure. The documents attached to the Motion show, at most, that an unidentified document was delivered to Colorado Springs. Finally, USADA's request for costs is DENIED.

SO ORDERED. This the _30_ day of July, 2010.

JAMES C. FOX
Senior United States District Judge

---

[1] USADA appears to have waived this defense by not raising it in the Motion to Dismiss [DE-19]

[2] Even if the court deemed USADA's Motion to Dismiss to be untimely filed, it would still be compelled to deny Plaintiff's request for entry of default. By acting with reasonable promptness in filing a motion to dismiss that raises defenses that *may* prove meritorious, the court would conclude that USADA satisfied the burden of setting aside a default under Rule 55(c). *See Payne*, 439 F.3d at 204-05. *See also Nichols Family Investments, LLC v. Hackenberg*, Civil Docket No. 5:05CV249-V, 2007 WL 1041201 at * 1 (W.D.N.C. April 5, 2007)(explaining that when deciding a motion to enter a default, a court should be "guided by the Fourth Circuit's 'strong policy that cases be decided on their merits.' ")(quoting *Sec. and Exch. Comm'n v. Lawbaugh*, 359 F.Supp.2d 418, 421-22 (D.Md. 2005)(subsequent citations omitted)).